UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
DEBORAH REYNOLDS,                                                       :
                                                                        :
                              Plaintiff,  :            14-CV-1481 (JMF)
                                                                        :
          -v-                                                           :      MEMORANDUM OPINION
                                                                        :                AND ORDER
THE CITY OF MOUNT VERNON, et al.,                                       :
                                                                        :
                            Defendants.               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Deborah Reynolds, a member of the City Council of the City of Mount Vernon who is proceeding *pro se*, brings this action against the City of Mount Vernon; Nichelle Johnson, Jennifer Ratan, and Hina Sherwani, who at the relevant time were all members of the city law department; Yuhana Edwards, who was the president of the City Council; and George Brown, who was the City Clerk.  She alleges that Defendants violated her First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights in connection with the rejection of a referendum that she proposed.  Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss her Second Amended Complaint (the "Complaint") in its entirety.  (Docket No. 17).  For the reasons explained below, the motion is granted.

## BACKGROUND

       Generally, in evaluating a Rule 12(b)(6) motion, a court may consider "only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies."  *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013).  Because Reynolds is proceeding

*pro se*, however, the Court may also consider factual allegations made in her opposition papers, so long as they are consistent with the complaint. *See, e.g.*, *Blue v. Macy's Herald Square*, No. 12-CV-5673 (PAE), 2013 WL 3717777, at *1 n. 2 (S.D.N.Y. July 16, 2013). Accordingly, the following facts are taken from the Complaint, exhibits attached thereto, and Reynolds's opposition papers (to the extent they are consistent with the Complaint), and are presumed true for the purposes of this motion. *See Karmely v. Wertheimer*, 737 F.3d 197, 199 (2d Cir. 2013).[1]

Plaintiff has been a member of the Mount Vernon City Council (the "City Council") since January 2012. (Second Am. Compl. (Docket No. 12) ("Compl.") 4). Approximately three years earlier, the City had taken out $2.5 million in bonds to renovate Memorial Field (the "Memorial Field Project"). (*Id.* at 4, 9). Although the City Charter provides that any bond issuance of more than $750,000 must be approved by the electorate, no referendum had taken place. (*Id.* at 4). Beginning in April 2013, Plaintiff sought to hold a referendum on whether Memorial Field Stadium should include an eight-lane track. (*Id.* at 11). On April 4, 2013, she asked Defendant Brown to place a referendum that she had prepared on the April 10th agenda for a vote by the City Council. (*Id.* at 4). The final agenda, however, did not attach the text of the proposed referendum to be read into the record, and listed Reynolds's proposed topic for consideration as a "demand," not a referendum. (*Id.* at 5, 10). At the meeting, Defendants Edwards and Ratan stated publicly that Plaintiff's proposal could not properly be considered a referendum, and when Plaintiff began reading her proposed referendum into the record, Edwards

---

[1]   Defendants submitted an affirmation, along with a number of exhibits, in support of their motion to dismiss. (Docket No. 18). Their reply also includes a number of exhibits. (Docket No. 27). The Court has not considered any of those exhibits, except those (for example, state and local laws) of which the Court may take judicial notice. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002); *Hensley v. IEC Elec. Corp.*, No. 13-CV-4507 (JMF), 2014 WL 4473373 at *1 (S.D.N.Y. Sept. 11, 2014).

banged a gavel and "yell[ed]" that Plaintiff was "out of order" because reading the referendum was "not on the agenda." (*Id.* at 5).

Undeterred, in May 2013, Plaintiff provided Brown a petition requesting that the question of whether Memorial Field should have an eight-lane track be placed on the ballot. (*Id.* at 5). She asked him to certify the petition, which had been signed by more than 1,000 people. (*Id.*). At the May 22nd session of the City Council, Plaintiff asked Brown to state publicly that he had received the petition, but Edwards forbade him from doing so. (*Id.* at 6). The petition was never certified. (*Id.* at 6). When her efforts at the May 22nd City Council meeting failed, Plaintiff reached out to corporate counsel for help. Counsel, however, informed the entire City Council that state law prohibited the city from holding a referendum on whether Memorial Field should have an eight-lane track. (*Id.* at 6, 13-14). Nonetheless, in June 2013, Plaintiff placed a resolution calling for a referendum on the agenda for the next public City Council meeting. (*Id.* at 6). The resolution was placed on the agenda, and Plaintiff read it into the record, but a majority of the Council voted against it. (*Id.* at 7). Although Plaintiff continued to reach out to members of the County and State elections boards and the city law department, she was told repeatedly that state law did not allow her to bring the referendum, and it never appeared on the ballot. (*Id.* at 7-8).

## DISCUSSION

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). A claim will survive a 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant acted unlawfully," *id*., and cannot rely on mere "labels or conclusions" to support a claim. *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. at 570. Here, because Reynolds is proceeding *pro se*, her Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, a *pro se* litigant must still state a plausible claim for relief. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). Thus, the Court's "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" *Geldzahler v. N.Y. Med. Coll*., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice § 12.34 [1][b], at 12-61 (internal quotation marks omitted)).[2]

Applying those standards here, the Complaint must be dismissed, as Plaintiff's claims border on (and arguably cross the line into) frivolous. Plaintiff argues first that Defendants violated her First Amendment rights by "speak[ing] out against [her] in public and legislative

---

[2] In addition to arguing that Plaintiff fails to state a claim, Defendants move to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), arguing that "[t]here are no federal laws implicated here." (Defs.' Mem. Law (Docket No. 20) 13-15). Plaintiff's Complaint, however, alleges several federal constitutional violations. That those claims may ultimately fail does not deprive the Court of jurisdiction. Defendants also argue that Plaintiff's claims should be dismissed on the ground of legislative immunity. (*Id.* at 3-6). The Court need not reach the issue, however, because "legislative immunity is not a jurisdictional bar, but is rather a personal defense that may be asserted to challenge the sufficiency of a complaint under Rule 12(b)(6)." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007); *cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (holding that a court may not assume subject-matter jurisdiction and resolve a case on the merits).

meetings . . . stifling [her] ability of free speech." (Compl. 19). It almost goes without saying, however, that Defendants' opposition to Plaintiff's political positions did not violate her First Amendment rights; if anything, it was a manifestation and vindication of their own First Amendment rights. *See Molinari v. Bloomberg*, 564 F.3d 587, 598-602 (2d Cir. 2009); *Ukrainian-Am. Bar Ass'n v. Baker*, 893 F.2d 1374, 1379 (D.C. Cir. 1990) ("[T]he right to speak protected by the first amendment is not . . . a right to be heeded."). The fact that the City Council meetings may have been heated or emotional does not affect the analysis or result. *See, e.g.*, *Cohen v. California*, 403 U.S. 15, 24-25 (1971) ("[V]erbal tumult, discord, and even offensive utterance [are] . . . necessary side effects of the broader enduring values which the process of open debate permits us to achieve."). Nor does the fact that, in one instance, Defendant Edwards banged a gavel and ruled Plaintiff out of order (Compl. 5), as the City Council may plainly, consistent with the First Amendment, make and enforce procedural rules governing who may speak and at what times. *See Nevada Comm'n on Ethics v. Carrigan*, 131 S. Ct. 2343, 2347 (2011) (holding that a law prohibiting legislators from advocating for the passage or failure of law when they are recused from voting on it is a reasonable time, place and manner regulation of speech).[3] Plaintiff's remedy, if any, is through the political process, not in court.

To the extent Plaintiff alleges that the failure to place her referendum on the ballot violated the First Amendment, her claim must also be dismissed. "Although the First Amendment protects political speech incident to an initiative campaign, it does not protect the

---

[3] That conclusion is bolstered by the City Council's rules — of which the Court may take judicial notice, *see, e.g.*, *Phillips v. Cortland City Police*, No. 13-CV-0956 (GLS) (TWD), 2013 WL 5462951, at *2 n.2 (N.D.N.Y. Sept. 30, 2013) (noting that courts may take judicial notice of public records such as city charters and ordinances); *Estate of Axelrod v. Flannery*, 476 F. Supp. 2d 188, 200-201 (D. Conn. 2007) (similar) — which grant the Council president authority to maintain order and to call to order any council member speaking out of turn. (Defs.' Reply Aff. (Docket No. 27), Ex. 2, at 3, 5).

right to make law, by initiative or otherwise . . . ." *Molinari*, 564 F.3d 599 (quoting *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1099-1100 (10th Cir. 2006) (en banc)).  Plaintiff does not appear to be arguing that the provisions of New York law limiting the subjects of referenda, *see* N.Y. McKinney's Municipal Home Rule Law §§ 23-24, violate the First Amendment in and of themselves.  Nor could such an argument prevail.  *See, e.g.*, *Molinari*, 564 F.3d at 597 ("[T]he right to pass legislation through a referendum is a state-created right not guaranteed by the U.S. Constitution.").  Instead, Plaintiff appears to believe that the Mount Vernon City Charter authorized, and even required, such a referendum.  (Compl. 5, 15).  Even if that were true, however, Plaintiff has not demonstrated a First Amendment violation, as "[i]t is axiomatic that violations of state law alone are insufficient to state a claim for section 1983 relief."  *Weiss v. Incorporated Village of Sag Harbor*, 762 F. Supp. 2d 560, 573 (E.D.N.Y. 2011) (quoting *Powers v. Coe*, 728 F.2d 97, 105 (2d Cir. 1984)); *see also id.* (stating that "[v]indication of state policy ought, as an initial matter, to take place in state courts" (internal quotation marks omitted)).  Accordingly, Plaintiffs' First Amendment claims must be and are dismissed.

Plaintiff also fails to state a due process claim.[4]  To the extent the Complaint asserts a substantive due process claim, Plaintiff alleges neither the interference with a fundamental right nor a government action that would fail to survive rational basis review.  *See Molinari*, 564 F.3d at 606.  To raise a procedural due process claim, on the other hand, a plaintiff must first establish that the challenged action infringed a constitutionally protected property or liberty interest.  *See, e.g.*, *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001); *Davidson Heights LLC v. N.Y. City*

---

[4]  Plaintiff appears to allege violations of both the Fifth and Fourteenth Amendment Due Process Clauses, but it is well established that "the Fifth Amendment is limited to actions of the federal government." *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690 (S.D.N.Y. 2006) (internal quotation marks omitted).  Accordingly, it is inapplicable to a claim against the City of Mount Vernon "without some evidence of 'federal action.'" *Id.*

*Hous. Auth.*, 14-CV-930 (ER), 2014 WL 5500944, at *4 (S.D.N.Y. Oct. 31, 2014) ("The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by federal or state law and, if so, what process was due before the plaintiff could be deprived of that interest." (internal quotation marks omitted)).  Here, the Complaint cannot plausibly be read to allege the deprivation of a property interest.  And to the extent that the Complaint can be liberally construed to allege the deprivation of a liberty interest — namely, Plaintiff's interest in her reputation (*see* Compl. 19 (stating that Plaintiff was humiliated, which has "reduced [her] personal economy[,] making [her] in the eyes of the public an ineffective leader" and "impaired" her ability to earn a living)) — it fails to state a claim because it does not allege a "material . . . burden or . . . alteration of the plaintiff's status or rights."  *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (internal quotation marks omitted).  Among other things, Plaintiff remains a member of the City Council, and does not claim to have lost any of her salary.  Plaintiff's due process claims are therefore also dismissed.

Plaintiff's remaining claims can be even more briefly addressed.  First, she alleges claims under the Fourth Amendment, which protects against unreasonable searches and seizures.  U.S. Const. amend. IV.  Nothing in Plaintiff's Complaint suggests either occurred here.  Second, although she alleges violations of the Ninth Amendment, it is well established that "[t]he Ninth Amendment is not an independent source of individual rights."  *Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007).  Finally, she appears to allege some state-law claims.  In the absence of any remaining federal claims, however, the Court declines to exercise supplemental jurisdiction over those claims.  Under Title 28, United States Code, Section 1367, a district court has discretion over whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, there is no basis to depart from that general rule. Indeed, given the relatively early state of the case, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), do not counsel in favor of exercising jurisdiction.

The only remaining question is whether Plaintiff should be granted leave to amend her Complaint. While leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Further, although courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), the Court declines to grant such leave *sua sponte*. First, a district court may deny leave to amend when, as here, amendment would be futile because the problem with the claim "is substantive . . . [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Second, Plaintiff was already twice granted leave to amend her complaint to provide more factual detail (Docket Nos. 9, 11), and once granted leave to amend to cure deficiencies raised in Defendants' motion to dismiss. (Docket No. 19). Moreover, in the last instance, she was explicitly cautioned that she "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." (*Id.* at 1).

Nonetheless, she "has not requested permission to file a [Third] Amended Complaint, nor has [s]he given any indication that [s]he is in possession of facts that would cure the problems" identified in the instant motion to dismiss. *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).

## CONCLUSION

For the reasons stated above, Defendants' motion is GRANTED, and the Complaint is dismissed in its entirety. The Clerk of Court is directed to terminate Docket No. 17, to close the case, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Date: March 31, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

9